**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERIC MEYERS,** *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> *v.* <br><br> **ONIX GROUP, LLC,** <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 23-2288-KSM** |
| **DONALD OWENS and AIDA ALBINO WIMBUSH**, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> *v.* <br><br> **ONIX GROUP, LLC,** <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 23-2301-KSM** |
| **ASHLEA BERNARD**, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> *v.* <br><br> **ONIX GROUP, LLC,** <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 23-2556-KSM** |

| | |
|---|---|
| **THOMAS JONES and LEAH SIMIONE**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>*v.*<br><br>**ONIX GROUP, LLC,**<br><br>Defendant. | **CIVIL ACTION**<br><br><br>**NO. 23-2621-KSM** |
| **MELISSA LYSTON**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>*v.*<br><br>**ONIX GROUP, LLC, et al**<br><br>Defendants. | **CIVIL ACTION**<br><br><br>**NO. 23-2633-KSM** |
| **ANGELA HAYNIE**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>*v.*<br><br>**ONIX GROUP, LLC,**<br><br>Defendant. | **CIVIL ACTION**<br><br><br>**NO. 23-2689-KSM** |

## <u>ORDER</u>

**AND NOW**, this 19th day of July 2023, following upon an in-person hearing with counsel for the parties, and upon consideration of Plaintiffs Eric Meyers, Donald Owens, and Aida

Wimbush's unopposed "Motion to Consolidate the Related Actions, Appoint Interim Co-Lead Counsel, and Set a Schedule for Filing a Consolidated Amended Complaint" (Civil Action No. 23-2288, Doc. No. 5; Civil Action No. 23-2301, Doc. No. 7) ("the Motion"), and Plaintiffs Ashlea Bernard, Thomas Jones and Leah Simione, Melissa Lyston, and Angela Haynie's supplemental briefing in support of the Motion (Civil Action No. 23-2556, Doc. No. 7; Civil Action No. 23-2621, Doc. No. 5; Civil Action No. 23-2633, Doc. No. 5; Civil Action No. 23-2689, Doc. No. 4), it is hereby **ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED AS FOLLOWS:**

**CONSOLIDATION**

1.      Finding that the above-captioned cases (the "Related Actions")[1] "involve a common question of law or fact" under Federal Rule of Civil Procedure 42(a),[2] the Related Actions are hereby **CONSOLIDATED** under the new case name: "*In re Onix Group, LLC Data Breach Litigation*," Civil Action No. 23-2288 (the "Consolidated Action").

2.      *Meyers v. Onix Group, LLC*, Civil Action No. 23-2288 shall be the "Lead Case" of the Consolidated Action.[3]

---

[1] The Related Actions include the following cases: *Meyers v. Onix Group, LLC*, Civil Action No. 23-2288; *Owens, et al. v. Onix Group, LLC,* Civil Action No. 23-2301; *Bernard v. Onix Group, LLC*, Civil Action No. 23-2556; *Jones, et al. v. Onix Group, LLC*, Civil Action No. 23-2621; *Lyston v. Onix Group, LLC, et al.*, Civil Action No. 23-2633, *Haynie v. Onix Group, LLC*, Civil Action No. 23-2689.

[2] The Related Actions assert "multiple common causes of action against the same Defendant—Onix [and at least one of its subsidiaries, Addiction Recovery Systems]—relating to the same factual underpinnings and seek the same relief in response to the same event (the Data Breach)." (Doc. No. 5-1 at 8 ("The Related Actions each seek certification of similar overlapping classes and allege that Plaintiffs and Class Members suffered harm because their sensitive personal information, including Social Security Number, was exposed to third parties without their authorization.").)

[3] The Court is aware that Plaintiffs seek consolidation under *Owens, et al. v. Onix Group, LLC*, Civil Action No. 23-2301. (*See* Doc. No. 5-4 at 2.) But *Meyers v. Onix Group, LLC*, Civil Action No. 23-2288 was filed first, as indicated by its lower docket number. Accordingly, because it is first in time, the Court assigns *Meyers* to be the Lead Case.

3.      The Consolidated Action shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE ONIX GROUP, LLC DATA BREACH LITIGATION** | **CIVIL ACTION**<br><br>**NO. 23-2288-KSM** |

4.      All documents filed in the Consolidated Action shall be filed under the Lead Case number.  When a filing is intended to apply to all actions to which this Order applies, the words "ALL ACTIONS" shall appear.  When a filing is not intended to apply to all actions, the last name of the first-named plaintiff and docket number for each individual action to which the document is intended to apply will be listed instead (*e.g.*, *Owens*, Civil Action No. 23-2301).

5.      Pursuant to Local Rule 40.1(IV)(a)(ii), all cases related to the Lead Case, *Meyers v. Onix Group, LLC*, Civil Action No. 23-2288, filed before, on the same date of, or after the docketing of this Order, shall be consolidated with and placed on the docket of the Lead Case.

6.      The Clerk of Court is **DIRECTED** to transfer all parties to the docket of the Lead Case who appear in any and all related cases filed before, on the same date of, or after the docketing of this Order.

7.      The Clerk of Court is **DIRECTED** to add all counsel to the docket of the Lead Case who have or will have entered a Notice of Appearance in any and all of the related cases filed before, on the same date of, or after the docketing of this Order.

8.      Any counsel seeking admission *pro hac vice*, who have not yet moved or been granted admission, shall file their *pro hac vice* motions in the Lead Case.

9.      The Clerk of Court is **DIRECTED** to mark any and all related cases subject to this Order, filed before, on the same date of, or after the docketing of this Order, with the flag "23-2288-KSM."

10.     The Clerk of Court shall mark as **CLOSED** for statistical purposes any and all cases that have been designated related to *Meyers v. Onix Group, LLC*, Civil Action No. 23-2288 that shall henceforth be consolidated with the Lead Case.

## APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

11.     Federal Rule of Civil Procedure 23(g)(3) empowers district courts to appoint interim lead counsel in accordance with the factors articulated in Rule 23(g)(1). *See Nelson v. Connexin Software Inc.*, No. 2:22-CV-04676-JDW, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) (appointing interim co-lead class counsel in data breach litigation). "Those factors include: (i) the work counsel did to identify and investigate the claims; (ii) counsel's experience with class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel can commit to represent the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(A)). Courts also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(B)). "Ultimately, a judge should appoint the class counsel best able to represent the interests of the class." *Id.*

12.     As to the first factor, the Court finds that Benjamin F. Johns, Esq. of Shub & Johns LLC and Gary Klinger, Esq. of Milberg Coleman Bryson Phillips Grossman, the Proposed Interim Co-Lead Class Counsel, have performed substantial work to identify and investigate the claims in this matter, such as: "reviewing consumer communication concerning the data breach; engaging in ongoing communications with putative class members; investigation of the scope of the data

breach's consequences, and Defendant's public response regarding the same; researching potential

claims arising from the data breach and defenses thereto; and using this research to begin preparing

a detailed, consolidated class action complaint." (Doc. No. 5-1 at 10–11.)

13.    As to the second and third factors, the Court finds that Mr. Johns and Mr. Klinger

possess extensive experience with class actions and the types of claims asserted, as well as

considerable knowledge of the applicable law in this case.  Mr. Johns, specifically, has almost 20

years of experience with complex class action cases and has been appointed Lead Counsel in data

breach cases over a dozen times in various jurisdictions across the country; he has been appointed

Lead Counsel in the Eastern District of Pennsylvania no less than three times.[4]  (*See id.* at 12–14.)

Mr. Klinger, too, has served as Lead Counsel in many data breach cases, litigated various privacy

class actions through the class certification stage, and achieved substantial recovery for his clients

in several multi-million-dollar settlements.  (*See id.* at 15–16.)  He also brings expertise in this

area of law as a Certified Information Privacy Professional (CIPP) and is presently pursuing his

Master of Laws (LLM) in Data Privacy and Cybersecurity.  (*See id.*)

14.    As for the fourth factor, the Court finds that Mr. Johns and Mr. Klinger, and their

respective law firms, are "willing and able to expend the resources necessary to ensure the vigorous

prosecution of the claims asserted by the Plaintiffs in these cases." (*Id.* at 16.)  Both firms can

advance funds and incur necessary expenses in this case, as well as staff this matter with attorneys

that possess the time, energy, and skill necessary for the effective and efficient representation of

the putative class. (*See id.* at 16–17.)  Moreover, the Court believes that appointing two firms as

---

[4] Mr. Johns currently serves as Lead Counsel positions in the Eastern District of Pennsylvania in the following matters: *In re Wawa, Inc. Data Security Litig.*, Civil Action No. 19-6019 (Pratter, J.); *Nelson v. Connexin Software Inc.*, Civil Action No. 22-4676 (Wolson, J.); and *In re NCB Management Service, Inc. Data Breach Litig.*, Civil Action No. 23-1236 (Scott, J.).  *See Nelson*, 2023 WL 2721657, at *2 ("At least one other factor supports this proposal [to appoint interim class counsel]: the lawyers' presence in and familiarity with this Court.  Some courts have noted that this factor can have significance, and I agree.").

Interim Co-Lead Class Counsel will provide adequate resources to litigate the Consolidated Action. (*See id.* at 10 ("Given the complexity of the claims, the number of claims alleged, and the sophistication of the clients involved, the two-lead structure will maximize recovery, while ensuring efficient prosecution of the claims. … By appointing Interim Co-Lead Counsel, Plaintiffs will have the essential lawyers and capital needed to vigorously litigate this case. The proposed Co-Lead Counsel will ensure efficiency by splitting tasks among themselves and other plaintiffs' counsel.").)

15.    Finally, regarding "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," the Court notes that although Mr. Johns and Mr. Klinger are independently qualified to serve as Interim Co-Lead Class Counsel, they have nonetheless collaborated to prepare this proposal, and have demonstrated a commitment to working cooperatively and efficiently. *See Nelson*, 2023 WL 2721657 at *2 (appointing interim co-lead class counsel who showed "the most cooperative spirit").

16.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court finds that Mr. Johns and Mr. Klinger are best able to represent the interests of the putative class, and are hereby **APPOINTED** Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the putative class members in the Consolidated Action, with the following responsibilities:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

   e. Delegate specific tasks to other Plaintiffs' counsel in a manner to ensure that pretrial

preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f.  Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g.  Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h.  Perform other such duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i.  Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j.  Ensure that all notice, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k.  Communicate with defense counsel as necessary to promote efficient advancement or resolution of this litigation;

l.  Make available to other Plaintiffs' counsel documents produced by opposing parties;

m.  Seek assistance from other Plaintiffs' counsel as necessary;

n.  Allocate attorneys' fees.

17.    Any additional Plaintiffs' counsel will do work in this litigation only at the direction of the Interim Co-Lead Class Counsel.  No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

18.    Interim Co-Lead Class Counsel shall have sole authority to communicate with opposing counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other Plaintiffs' counsel.  Defendants' counsel may rely on all agreements made with the Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

19.    Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by electronic mail, facsimile, or other expeditious electronic means or overnight delivery services means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such actions and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but have not yet been filed.

## PLEADING SCHEDULE

20.    Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint no later than **September 15, 2023**.

21.    Defendants in the Consolidated Action shall file an answer, move, or otherwise respond to Plaintiffs' Complaint no later than **November 17, 2023**.

**IT IS SO ORDERED.**

BY THE COURT:


/s/ *Karen Spencer Marston*
KAREN SPENCER MARSTON, J.